IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

MAELYNN TENGE,   )
                )
     Plaintiff,  )   No. C03-2058 EJM
                )
vs.             )    ORDER
                )
PHILLIPS MODERN AG CO., SCOTT )
PHILLIPS, individually and in his )
official capacity and LORI PHILLIPS, )
individually,   )
                )
     Defendants. )

This matter is before the court on defendants' resisted Motion for Summary Judgment, filed December 30, 2004, defendant Phillips Modern Ag Co.'s unresisted Motion to Dismiss Counterclaims, filed January 3, 2005, and on plaintiff's unresisted Motion to Dismiss Counts 5 and 6, filed March 17, 2005. Briefing concluded on March 31, 2005. Motion to Dismiss Counts 5 and 6 granted. Motion for summary judgment granted. Motion to Dismiss Counterclaims granted.

Plaintiff Maelynn Tenge, a citizen and resident of New Hampton, Iowa, seeks damages from Phillips Modern Ag, Inc. (PMA), an Iowa corporation based in New Hampton, Iowa, and PMA President Scott Phillips and his wife, PMA employee Lori Phillips, also from New Hampton, Iowa, in six Counts: Count 1 (PMA and Scott Phillips) - employment discrimination based on sex in violation of 42 USC §2000e et seq.; Count 2 (PMA and Scott

Phillips) - employment discrimination based on sex in violation of IC §216; Count 3 (PMA and Scott Phillips) - sex discrimination in violation of the Equal Protection Clause of the US Constitution; Count 4 (Lori Phillips) - tortious interference with a business relationship; Count 5 (Scott Phillips) - tortious interference with a business relationship; and Count 6 (all defendants) - defamation. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

On December 22, 2004, the court granted plaintiff's motion to dismiss Count 3. Plaintiff's unresisted motion to dismiss Counts 5 and 6 shall be granted.

The gist of plaintiff's Amended Complaint is that as an employee of PMA, plaintiff had a close working relationship with PMA President Scott Phillips, which caused his wife, Lori Phillips, to become jealous. Plaintiff urges that she was terminated on February 17, 2003, solely because of Scott Phillips' wife's unsubstantiated jealousy, and that the jealousy would not have occurred but for her gender. Defendants assert that plaintiff was discharged due to a general pattern of sexually suggestive conduct toward Scott Phillips.

Defendants seek summary judgment on Counts 1, 2, and 4, urging that plaintiff cannot establish that her termination was based upon her sex, and that plaintiff cannot show that defendant Lori Phillips improperly interfered with her employment.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest

merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990).

To establish a prima facie case of sex discrimination on Counts 1 and 2, plaintiff must either come forward with direct evidence of discrimination, or show that she is a member of a protected class, that she was qualified to perform her job, that she suffered an adverse employment action, and that the circumstances of the adverse action would allow a reasonable trier of fact to infer that unlawful discrimination occurred. Whitley v. Peer Review Systems, 221 F3d 1053, 1055 (8th Cir. 2000); Mercer v. City of Cedar Rapids, 308 F3d 840, 845 (8th Cir. 2002) (Iowa Civil Rights Act mirrors federal law).

It appears undisputed that plaintiff wrote notes to Scott Phillips that were of a suggestive, intimate, sexual nature. Among them was a note plaintiff wrote which read as follows: "If this is the correct latch - I win - I'll take it out in trade w/you or on you. If it's the wrong latch - Then you'll have to spank me. Either way - I WIN!! I just can't help myself from thinking this way when you are in." The record demonstrates other examples of plaintiff's sexually suggestive conduct as well. Plaintiff characterizes this as common sexual banter in the workplace, and asserts that similarly situated male employees were not terminated due to sexual banter with Scott Phillips. In November of 2002, Lori Phillips terminated plaintiff's at-will employment upon discovering the above

3

note, though plaintiff was reinstated to participate in finishing the company's year-end business, and was finally discharged in February of 2003.

Upon review of the record in light of the appropriate standards, it is the court's view that plaintiff has not come forward with either direct or indirect evidence raising a disputed issue of material fact as to whether she was the subject of unlawful gender discrimination, and therefore she has not established a prima facie case of sex discrimination. It appears undisputed that plaintiff's discharge was the result of her sexually suggestive conduct, and not her gender. Additionally, the court is further satisfied that plaintiff has not raised a disputed issue of material fact as to whether the legitimate, nondiscriminatory reason for her discharge was pretextual.

Turning to Count 4, upon this record it is the court's view that plaintiff has not come forward with a disputed issue of material fact as to whether Lori Phillips improperly interfered with plaintiff's employment. See <u>Condon Auto Sales v. Crick</u>, 604 NW2d 587, 601(Iowa 1999) (essential element of intentional interference claim is that interference be improper).

Due to the court's disposition of this matter, defendants' unresisted Motion to Dismiss Counterclaims shall be granted.

It is therefore

ORDERED

1. Plaintiff's Motion to Dismiss Counts 5 and 6 granted.

2. Defendants' Motion for Summary Judgment granted.

3. Defendants' Motion to Dismiss Counterclaims granted.

May 26, 2005.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT